## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-20151-CR-ALTMAN(s)

**UNITED STATES OF AMERICA**

**vs.**

**ENDY DE JESUS NUNEZ MARMOL,**
      **a/k/a "El Fuerte,"**

      **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **ENDY DE JESUS NUNEZ MARMOL** (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges that from in or around 2014, and continuing through in and around 2020, in Miami-Dade, Broward, and Monroe Counties, in the Southern District of Florida, and in the countries of the Dominican Republic, Columbia, and elsewhere, the defendant did knowingly and willfully conspire with other persons to distribute a controlled substance in Schedule II, that is, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963.

2.     The United States agrees to dismiss Counts Two and Three of the Superseding Indictment at the time of sentencing.

3.      The defendant is aware that the sentence will be imposed by the Court after considering the advisory United States Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to life imprisonment and must impose a statutory minimum term of 10 years' imprisonment, followed by a term of supervised release of at least 5 years and up to a lifetime of supervised release.   In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000.

5.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four of this agreement, a special assessment in the amount of $100 will be imposed on the defendant.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office, however, will not be required to make this motion and

3

this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a.  That the quantity of cocaine involved in the offense, for purposes of Section 2D1.1(a) and (c) of the Sentencing Guidelines, is greater than 450 kilograms (corresponding to level 38 of the Guidelines).

    b.  That the defendant's offense level should neither be increased nor decreased under Chapters Two and Three of the Sentencing Guidelines.

    c.  That the defendant does not meet the criteria for a sentence reduction under Title 18, United States Code, Section 3553(f), as amended by the First Step Act of 2018, from the statutory minimum sentence or a two-level reduction in the Sentencing Guidelines under Sections 5C1.2 and 2D1.1(18).

9.      This Office agrees to recommend that, pursuant to Title 18, United States Code, Section 3553(a), based on the defendant's voluntary surrender and removal from the Dominican Republic, the Court grant a downward variance equivalent to one offense level from the defendant's total offense level as determined by the Court, provided that the total offense level under the Sentencing

4

Guidelines before any such downward variance is granted is 35 or higher.   This Office also agrees to recommend a sentence at the low end of the equivalent Sentencing Guideline range after the application of the one-level downward variance described in this provision, provided that the equivalent offense level is not lower than 34.   The defendant understands and acknowledges that the Court is under no obligation grant this variance or follow this Office's sentencing recommendation.   Except as expressly provided herein, the defendant is not precluded by this plea agreement from seeking a further downward variance based on his voluntary surrender and removal from the Dominican Republic.   The defendant expressly agrees that any such request for a further variance shall be for the equivalent of no lower than offense level 32.   The government reserves the right to oppose any such request for a further downward variance and to make any sentencing recommendation without limitation, subject to the provisions set forth in this agreement.

10.     The defendant is aware that the sentence has not yet been determined by the Court.   The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court.   The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph three above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing

recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11.     The defendant agrees to plead guilty to Count One of the Superseding Indictment, which charges the defendant with knowingly and willfully conspiring with other persons to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963. The defendant agrees and understands that the above charge involves the defendant's conduct, and the conduct of others, between in and about 2014 to in and about 2020.   This agreement resolves the defendant's federal criminal liability in the Southern District of Florida growing out of any criminal conduct by the defendant known to this Office, as of the date of this plea agreement.

12.     The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense in violation of Title 21, United States Code, Section 963, to which the defendant is pleading guilty, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.   In addition, the defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).   The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in a sum of at least $10,778,570.00, which represents the proceeds that the defendant obtained, directly or indirectly, as a result of the offense conduct to which the defendant is pleading guilty.   Pursuant to Title 21, United States Code, Section 853(d), any property,

including, but not limited to, property in the Dominican Republic, acquired during the charged conspiracy time frame, from approximately early 2014 through 2020, is directly forfeitable as proceeds of the offense, and the defendant agrees to forfeiture of any such property.

13.     The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14.     The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.   The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15.     In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

        a.     Submit a financial statement to this Office upon request, within 14 calendar days from the request;

b.   Maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

c.   Provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

d.   Cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

e.   Notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

16.    The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under Title 18, United States Code, Section 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17.    The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to

appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.   However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.   The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.   By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.   The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

18.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty.   Indeed, because the defendant is pleading guilty to narcotics trafficking, removal is presumptively mandatory.   The defendant knowingly and voluntarily consents to removal from the United States following completion of his sentence, waives any rights relating

9

to any and all forms of relief from removal or exclusion, agrees to abandon any pending applications for such relief, and agrees to cooperate with the Department of Homeland Security during removal proceedings.

19.     This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings and this agreement supersedes any prior agreements, including any *Kastigar* letter agreements entered.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 3/1/22                By: _____
                                ELLEN D'ANGELO
                                ASSISTANT U.S. ATTORNEY

Date: February 22, 2022     By: _____
                                JOSE QUINON, ESQ.
                                ATTORNEY FOR DEFENDANT

Date: 2/22/2022             By: _____
                                ENDY DE JESUS NUNEZ MARMOL
                                DEFENDANT

10